**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 3 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RON SARFATY; GARY SCHERER,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>CITY OF LOS ANGELES; DOES, 1-10,<br><br>Defendants-Appellees. | No.   17-56468<br><br>D.C. No.<br>2:17-cv-03594-SVW-KS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted March 8, 2019
Pasadena, California

Before:  WARDLAW and BENNETT, Circuit Judges, and CARDONE,** District
Judge.

Ron Sarfaty and Gary Scherer ("Plaintiffs") sued the City of Los Angeles

(the "City") for alleged violations of the Americans with Disabilities Act ("ADA"),

the Rehabilitation Act, and similar provisions of California law. The district court

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Kathleen Cardone, United States District Judge for the
Western District of Texas, sitting by designation.

granted the City's motion to dismiss the complaint, and this appeal followed. We

have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.

1.      The district court first concluded that the City's class action settlement

in *Willits v. City of Los Angeles* released Plaintiffs' injunctive claims. In reaching

this conclusion, the court did not consider the extrinsic evidence that Plaintiffs

tendered to support their interpretation of the *Willits* release language. As a matter

of California law, this was error. *See Pac. Gas & Elec. Co. v. G.W. Thomas*

*Drayage & Rigging Co.*, 442 P.2d 641, 645 (Cal. 1968); *see also Trident Ctr. v.*

*Conn. Gen. Life Ins. Co.*, 847 F.2d 564, 565 (9th Cir. 1988) ("This case therefore

presents the question whether parties in California can ever draft a contract that is

proof to parol evidence. Somewhat surprisingly, the answer is no."). The court

should have "review[ed] the proffered material regarding the parties' intent to see

if the language is 'reasonably susceptible' of the interpretation urged by" Plaintiffs.

*Appleton v. Waessil*, 32 Cal. Rptr. 2d 676, 677 (Ct. App. 1994). If so, "the extrinsic

evidence is then admitted to aid in the second step, which involves actually

interpreting the contract." *Id.* at 678.

If, on remand, the district court concludes that Plaintiffs' claims here are

encompassed by the *Willits* release, it must then compare Plaintiffs' claims to the

claims asserted by the class in *Willits* to determine whether the two sets of claims

share an "identical factual predicate." *See Reyn's Pasta Bella, LLC v. Visa USA*,

*Inc.*, 442 F.3d 741, 748 (9th Cir. 2006). The *Willits* release is binding as to

Plaintiffs here only if their claims "depend[] upon the same set of facts." *Williams*

*v. Boeing Co.*, 517 F.3d 1120, 1134 (9th Cir. 2008) (citation omitted).

Because the district court did not consider Plaintiffs' extrinsic evidence as to

the scope of the *Willits* release, and because the court failed to conduct the

"identical factual predicate" test that our precedent requires, we reverse the grant

of the City's motion to dismiss Plaintiffs' injunctive claims.[1]

2.      Plaintiffs also argue that the district court improperly dismissed their

damages claims.

At the outset, we disagree with the City that Plaintiffs waived their damages

claims by failing to amend their complaint. *See WMX Techs., Inc. v. Miller*, 104

F.3d 1133, 1136 (9th Cir. 1997) (en banc).

The district court concluded that Plaintiffs' complaint did not adequately

allege a damages claim. "To succeed on a civil rights claim in this context, the

plaintiffs must show intentional discrimination." *T.B. ex rel. Brenneise v. San*

*Diego Unified Sch. Dist.*, 806 F.3d 451, 469 (9th Cir. 2015). Deliberate

indifference satisfies this standard, *Duvall v. County of Kitsap*, 260 F.3d 1124,

---

[1] Plaintiffs move for judicial notice of seven documents related to the *Willits* class action settlement. We GRANT the motion as to Exhibits 1, 2, 3, and 4.  Exhibits 5, 6, and 7 are already part of the record on appeal, and we DENY the motion as unnecessary with respect to those exhibits.

1138 (9th Cir. 2001), and can be established by "show[ing] [that] the defendant

had notice of [Plaintiffs'] need for an accommodation and failed to act," *A.G. v.*

*Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1207 (9th Cir. 2016)

(internal quotation marks and citation omitted).  The district court dismissed

Plaintiffs' complaint without prejudice, and Plaintiffs stood on their complaint on

this issue and chose not to amend.

The district court did not reach the question of notice (by assuming arguendo

that Plaintiffs satisfied the notice prong), but found that Plaintiffs "pleaded no facts

that would allow a reasonable jury to conclude that the City acted with deliberate

indifference." Like the district court, we do not reach the issue of notice.[2]  We

agree with the district court as to Plaintiff Scherer's failure to plead sufficient facts

as to deliberate indifference,[3] but disagree as to Plaintiff Sarfaty. The complaint

alleges that, despite the fact that the City was on notice of Sarfaty's need for

accommodation, its ADA Coordinator affirmatively told Sarfaty that the City

would not act on his needs. Thus, as alleged, the City's failure to act was not

---

[2] A plaintiff "can establish notice by showing that she alerted the public entity to
her need for accommodation; or that the need for accommodation was obvious, or
required by statute or regulation." *A.G.*, 815 F.3d at 1207 (internal quotation marks
and alterations omitted). However, our cases make clear that the plaintiff must
"identify specific reasonable and necessary accommodations that the defendant
failed to provide." *Duvall*, 260 F.3d at 1139.

[3] The district court found: "[W]ith regard to Plaintiff Scherer, the complaint alleges
only that '[t]he City has not issued any substantive response to Scherer's complaint
or request for accessible parking.'"

5

"negligent, lazy, or careless," it was intentional. *Oden v. N. Marianas Coll.*, 440 F.3d 1085, 1089 (9th Cir. 2006). Notwithstanding our agreement with the district court that Plaintiff Scherer failed to adequately allege deliberate indifference; in light of our other rulings, we remand with direction to allow leave to amend to both plaintiffs, including as to notice and deliberate indifference.

    **REVERSED and REMANDED.**