JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON SARFATY,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF LOS ANGELES,<br><br>    Defendant. | Case No.: 17-cv-03594-SVW-KS<br><br>**FINAL JUDGMENT AND ORDER FOR INJUNCTIVE RELIEF** |

FINAL JUDGMENT AND ORDER FOR INJUNCTIVE RELIEF

Plaintiff Ron Sarfaty brought this action for injunctive relief and damages against the City of Los Angeles ("the City") for violations of federal and state disability-rights statutes related to the alteration of its on-street parking facilities along certain portions of Reseda Boulevard (hereinafter "Reseda"). In the Complaint and First Amended Complaint (Docket Nos. 1 and 27), Plaintiff asserted that the City's failure to ensure that the altered on-street parking facilities on Reseda were accessible to and usable by individuals with disabilities violated Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131 et seq. (the "ADA" or "Title II"), Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("Section 504"), and California Government Code § 11135 (collectively "the Disability Laws").

The parties filed cross-motions for summary judgment on December 12, 2019 and December 16, 2019. (Docket Nos. 41 and 42) On February 7, 2020, the Court denied both parties' motions, but made numerous findings narrowing the issues for trial. (Docket No. 74 ("MSJ Order")).

A two-day bench trial was conducted on the issues remaining to be determined on July 22 and 23, 2020 in Courtroom 10A, and via video teleconference, in the United States District Court Central District of California, the Honorable Stephen V. Wilson presiding. The issues included: (1) whether inclusion of accessibility features was feasible at the time the City installed the cycletracks; (2) the existence and impact of mid-block curb ramps on Reseda Boulevard and parking on side streets; and (3) whether the "deliberate indifference" standard had been met. MSJ Order, at pp. 10-14.

At trial, the Court received evidence in the form of exhibits and witness testimony. After carefully reviewing all of the evidence and testimony, and after considering arguments presented by the parties' counsel, the Court entered its Findings of Fact and Conclusions of Law pursuant to Federal Rule of Civil Procedure 52(a). (Docket No. 133, hereinafter "Findings").

The Court held in its Findings that the City had violated the Disability Laws and that an order of injunctive relief against the City was appropriate. Findings, at p. 17, ¶ 20; p. 19, ¶ 24; p. 24, ¶¶ 34-35. The Court also held that Plaintiff was not entitled to monetary damages, because the City did not act with the requisite deliberate indifference. Findings, at p. 24, ¶ 33.

The Court directed Plaintiff to file a proposed judgment in accord with its ruling as set forth in the Findings. On September 3, 2020, Plaintiff filed his proposed final judgment and order for permanent injunction against the City. Based upon the record established in this case, the Court enters this Final Judgment and Order for Injunctive Relief pursuant to Federal Rule of Civil Procedure 58.

## SUMMARY OF FINDINGS AND JUDGMENT

1. This Court has jurisdiction over the subject matter of this case and each of the parties. Venue lies properly with this Court.

2. The evidence admitted at trial and admitted during summary judgment established that Plaintiff Sarfaty is a disabled person for the purposes of the ADA. Findings, at p. 8, ¶ 3; MSJ Order, at p. 3, ftnt. 3.

3. The evidence admitted at trial and admitted during summary judgment established that the City is a "public entity" for the purposes of Title II of the ADA. Findings, at p. 8, ¶ 3; MSJ Order, at p. 3, ftnt. 3.

4. The evidence admitted at trial and admitted during summary judgment established that on-street public parking falls within the category of a "service, program or activity" for the purposes of Title II of the ADA. Findings, at p. 8, ¶ 3; MSJ Order, at p. 3, ftnt. 3.

5. The evidence admitted at trial and admitted during summary judgment established that the settlement reached in *Willits v. City of Los Angeles*, No. 10-05782-CBM-MRW (C.D. Cal. Aug. 25, 2016) (the "Willits

settlement") does not preclude Plaintiff's claims. Findings, at p. 7, ¶ 2; MSJ Order, at pp. 6-7. Moreover, Plaintiff's claims are not moot. Findings, at p. 7, ¶ 1.

6. The evidence admitted at trial and admitted during summary judgment established that the installation of cycletracks and movement of the preexisting parking spaces away from the curb on both sides of Reseda Boulevard between Plummer and Parthenia Streets constituted an alteration for purposes of 28 C.F.R. § 35.151(b)(1), and thus, were required to be "readily accessible" to individuals with disabilities. Findings, at p. 9, ¶ 6 and pp. 10-11, ¶ 9; MSJ Order, at pp. 4-6.

7. No technical specifications for on-street parking exist under the relevant ADA standards. However, in the absence of technical specifications, the Department of Justice has stated the Title II's program accessibility standards (expressly referencing both § 35.150(a) and § 35.151(a)(1) and (b)(1)), apply to a public entity's on-street parking, and that technical specifications for similar structures provide a "template" to "apply and to modify as needed to achieve accessibility of [their] on-street parking." Findings, at pp. 9-10, ¶ 7.

8. The evidence admitted at trial established that the City's on-street parking on the altered portion of Reseda was not "to the maximum extent feasible . . . readily accessible to and usable by individuals with disabilities. . ." as required by § 35.151(b)(1) because it requires wheelchair users to roll in the bike lane for a significant period of time, at risk of a collision with bicyclists and possible harm, before reaching a sidewalk. Findings, at pp. 11-16, ¶¶ 10-17.

9. The Title III obligations of private businesses do not factor into the program accessibility requirements of Title II that are specifically mandated for public entities like the City. Thus, the existence of accessible

parking provided by private entities in off-street parking lots near the altered portion of Reseda is not appropriately considered. Findings, at p.16, ¶ 18.

10. The evidence admitted at trial by Plaintiff's expert Paul Bishop ("Bishop") established that it would be feasible to modify the on-street parking on the altered portion of Reseda to include four disabled parking spaces. Findings, at p.17, ¶ 19 and p.18, ¶ 22.

11. The evidence admitted at trial established that the specific locations recommended by Bishop for the installation of accessible parking spaces on the altered portion of Reseda are consistent with guidance on integrating recommendations of accessible parking with cycletracks recommended by the Federal Highway Administration. Findings, at p.17, ¶ 19.

12. The inclusion of accessible on-street parking spaces at the locations identified by Bishop would adequately address the accessibility violations on the altered portion of Reseda. Findings, at pp.17-18, ¶ 20.

13. [RESERVED]

14. Because the evidence admitted at trial established that the public on-street parking on the altered portion of Reseda Boulevard is not "readily accessible," and modifications to the parking that would remedy this issue are not infeasible, Plaintiff has established that the City has violated Title II of the ADA. Findings, at p.19, ¶ 24.

15. By violating the ADA, the City also violated Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; and California Government Code § 11135. Findings, at p. 8, ¶ 3

FINAL JUDGMENT AND ORDER FOR INJUNCTIVE RELIEF

16. The Court is authorized to grant the injunctive relief requested by Plaintiff pursuant to 42 U.S.C. §§ 12133; 29 U.S.C. § 794a; Cal. Gov't Code § 11139.

17. The evidence admitted at trial did not establish that the City acted with deliberate indifference. Thus, this Court declines to award damages to Plaintiff. Findings, at pp. 20-24, ¶ 27-33

18. Entry of this Final Judgment is in the public interest. There being no just reason for delay, the Clerk is directed to enter judgment immediately.

## INJUNCTION

**IT IS HEREBY ORDERED** that the City install four reserved accessible parking spaces and make the modifications proposed by Bishop at the locations specified in his expert report. *See* Dkt. 85 at 8-12. Such work shall be completed no later than 4 months from entry of this Final Judgment.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction over this matter for purposes of construction, modification, and enforcement of this Final Judgment.

## ATTORNEY'S FEES AND COSTS

**IT IS FURTHER ORDERED** that Plaintiff may file a fee application with this Court and may file an application to tax costs in accordance with the Local Rules.

Dated: September 11, 2020

_____
Honorable Stephen V. Wilson
United States District Judge