CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Dennis Price, SBN 279082
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
Phone: (858) 375-7385
Fax: (888) 422-5191
Dennisp@potterhandy.com

Michelle Uzeta, Esq., SBN 164402
uzetalaw@gmail.com
michelleu@potterhandy.com
710 S. Myrtle Ave., #306
Monrovia, CA 91016
Tel: (858) 375-7385

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ron Sarfaty, | Case No.: 17-cv-03594-SVW-KS |
| Plaintiff, | Declaration of Michelle Uzeta in Support of Plaintiff's Motion for Award of Reasonable Attorneys' Fees and Costs |
| v. | |
| City of Los Angeles, | |
| Defendant. | |

## **Declaration of Michelle Uzeta**

I, MICHELLE UZETA, declare as follows:

1. I am an attorney licensed to practice in all the State and District Courts of California. I am familiar with the facts stated herein, and if called as a witness, I would and could testify as follows.

2. I am one of the counsel of record for Plaintiff Ron Sarfaty in the above-captioned action. I submit this Declaration in support of Plaintiff's Motion for Award of Reasonable Attorneys' Fees and Costs.

3. Pursuant to Local Rule 7-3, I attempted to meet and confer with defense counsel regarding the issue of fees and costs prior to the filing of this Motion. A written demand was sent to attorney Kevin Gilbert on September 18, 2020 and a follow up communication made to both Mr. Gilbert and Dora Gonzalez on September 21, 2020. Defense counsel did not respond to these communications. It is anticipated that this motion will be opposed.

## **My Reputation, Skills and Qualifications**

4. I am a 1989 graduate of Stanford University, and obtained my Juris Doctor degree and Certification in Public Interest Law from the University of California at Davis in 1992. I am member of the California Bar in good standing and admitted to practice in all the State and District Courts of California, as well as the United States Appellate Courts for the Ninth and Tenth Districts.

5. I have practiced exclusively in the area of civil rights law, with a particular focus on fair housing and disability rights, for the last 28 years. I currently represent individuals and classes of individuals in civil rights, fair housing and disability rights cases throughout the State of California.

6. My experience includes thirteen years as an attorney and later Associate Managing Attorney with Disability Rights California, the largest

disability rights organization in the nation; two years as the Litigation Director of the Southern California Housing Rights Center; two years as the Legal Director of the Disability Rights Legal Center and nearly ten years in private practice.

7. Currently, I am employed full-time by Potter Handy LLP dba the Center for Disability Access for the specific purpose of developing and litigating fair housing and transportation cases and complex cases involving public entity defendants. I am recognized throughout the state and nationwide as possessing particular expertise and experience in these types of cases.

8. Representative cases include: Fortyune v. City of Lomita, 766 F.3d 1098 (9th Cir. 2014) cert. denied sub nom. City of Lomita, Cal. v. Fortyune, 135 S. Ct. 2888 (2015)(9th Cir. appeal establishing City's general statutory obligation to provide people with disabilities access to its on-street parking facilities); Tessier v. City of Pomona, 14-cv-07325-MWF-MAN (C.D. Cal.) (curb cut litigation resulting in 11 million dollar commitment by City of Pomona to remediate curbs throughout the City); Jeffers v. Barbera Mgmt. Corp., Case No. 14-cv-00787-RGK-AS, 2014 WL 2526960 (C.D. Cal. June 3, 2014) (fair housing action establishing, among other things, that mandatory arbitration clauses in residential lease agreements are void as against public policy); Minnis v. Greyhound Lines Inc., Case No. 14-cv-0189-JVS-AN (C.D. Cal.)(successful challenge to Greyhound's discriminatory ticketing policies; the case was later highlighted in the National Council on Disability's May 4, 2015 report to President Obama entitled: Transportation Update: Where We've Gone and What We've Learned); Quick v. Superior Court of California, County of San Francisco, Case No. 14-cv-02565-VC (N.D. Cal.)(establishing the right of court spectators with hearing loss to Communication Access Real-time Translation); Kim v. Orange County Transportation Authority, Case No. 8:14-cv-01436-JVS-JCG (C.D.

Cal.)(successful challenge to the discriminatory restraint policies of County's paratransit service); <u>Calderon v. Los Angeles County Metropolitan Transportation Authority</u>, Case No. 2:13-cv-01381 MFW (C.D. Cal.)(successful challenge to fixed route transportation provider's inadequate complaint procedures and failure to comply with Department of Transportation regulations by "passing by" wheelchair users); <u>Independent Living Center of Southern California et al v. City of Los Angeles California</u> et al., Case No. 2:12-cv-00551-FMO-PJW (multiple-party fair housing litigation resulting in the largest affordable housing settlement in the United States; at least 4,000 affordable and accessible housing units will be built and rented to people who need them, addressing the critical shortage of affordable accessible housing units in Los Angeles); <u>Rodriguez v. Morgan</u>, Case No. 09-cv-8939-GW, 2012 WL 2538 67 (C.D. Cal. Jan. 26, 2012)(establishing the right to lease termination as reasonable accommodation under the Fair Housing Act); <u>Zerne et al. v. Los Angeles Homeless Services Authority</u>, Case No. 09-cv-05146-SJO-CW (C.D. Cal.) (establishing right to service animals in emergency homeless shelters); <u>Johnson et al v. Los Angeles County Sheriff's Department</u>, Case No. 08-cv-03515-DDP-SH (C.D. Cal.) (successful class action challenging the Los Angeles Sheriff's Department's failure to provide accessible facilities, accommodations and wheelchairs to inmates with disabilities at the Men's Central Jail); <u>Nadine Flores, et al., vs. Los Angeles County Metropolitan Transit Authority</u>, Case No. 08-cv-00820-JVS-AN (C.D. Cal.) (successful class action challenging capacity constraints and quality assurance issues in the County of Los Angeles' ADA paratransit system).

9. I enjoy an excellent reputation as an attorney practicing civil rights law, and specifically disability rights and fair housing law. I have been rated a Southern California Super Lawyer and Southern California Top

Women Lawyer in the category of Civil Rights for the last six years. I was elected to the Board of Directors of the Disability Rights Bar Association ("DRBA") in 2016 and have served on the Board continuously since that time. I have also served on the Litigation Committee of the Civil Rights Education and Enforcement Center ("CREEC") a nonprofit membership organization whose goal is to ensure that everyone can fully and independently participate in our nation's civic life without discrimination based on race, gender, disability, religion, national origin, age, sexual orientation, or gender identity. since its inception in 2013.

10. In recognition of my reputation, skills and experience, I have been solicited to represent local and national civil and disability rights organizations in numerous amicus briefs, including briefs to the 9th and 10th Circuit Courts of Appeals, the California Court of Appeal and the California Supreme Court. *See e.g.* Guerra et al. v. West Los Angeles College, Case No. 18-56236 (9th Cir. 2019); Colorado Cross-Disability Coalition et al. v. Abercrombie & Fitch Co., Case No. 13-1377 (10th Cir. 2014); Moeller v. Taco Bell, Case No. 12-17144 (9th Cir. 2012); In re Hawthorne, 35 Cal.4th 40 (2005); Fry v. Saenz, 98 Cal. App. 4th 256 (2002).

11. My legal writings have appeared in publications including the Journal of Access Services, Ability Magazine, and Law Practice Today, the monthly webzine of the ABA Law Practice Management Section. I lecture regularly on the legal rights of people with disabilities and have been a featured speaker at several large events including the National Disability Rights Network's Annual Conference, the Fair Housing Laws and Litigation Conference, and the California Bar Association's Annual Fair Housing and Public Accommodation Symposium.

**My Role in the Instant Case, and the Role of My Co-Counsel**

12. I played a principal role in the litigation of, and success achieved in, this case. I was involved with the case from its inception and drafted every pleading and brief filed in the matter, even before making a formal appearance on docket. I drafted the complaint and first amended complaint, prepared the oppositions to both the City's motions to dismiss, prepared all briefing required for the parties' cross motions for summary judgment, drafted the trial brief, trial declarations and all related trial documents, researched and briefed the issues of feasibility and standing as requested by the Court, and authored all necessary appellate briefing. I also drafted all disclosures and discovery / discovery responses. I handled all discovery disputes before Magistrate Stevenson. I developed the case strategy and conducted all factual and legal research. I conducted all required document review. I was the primary contact for Plaintiff, Plaintiff's witnesses, Plaintiff's investigators and experts, and opposing counsel. I prepared other attorneys for court appearances and depositions when I was in another state to care for my dying father and rendered unavailable. I prepared witnesses and trial counsel for trial and was responsible for completion of all post-trial tasks, including drafting proposed findings of fact and conclusions of law and a proposed judgment, and preparing this instant fee motion. I spent a total of 153.4 hours litigating this case. See Exhibit A at pp. 1-36.

13. Attorney Raymond G. Ballister was assigned as lead trial counsel for this matter, in recognition of his experience conducting trials, particularly in front of presiding Judge Stephen V. Wilson. Mr. Ballister also defended Plaintiff's deposition and made appearances on Plaintiff's behalf.

14. Attorney Dennis J. Price had a very limited role in this matter. He argued the successful appeal of the dismissal of Plaintiff's complaint in March 2019 (*see* Sarfaty v. City of Los Angeles (9th Cir. 2019) 765 Fed.Appx

280) and handling the argument in opposition to the City's second motion to dismiss.

15. Attorney Elliott Montgomery's only role in this matter was to defend the deposition of Plaintiff's expert Paul Bishop in 2020.

16. Attorney Isabel Masanque only role in this case was to conduct conferences of counsel with the City's counsel on their first motion to dismiss in 2017, and on the parties' cross motions for summary judgment in 2019.

**My Requested Billing Rate and Support for the Same**

17. My requested fee rate of $600/hour falls in the middle of the range of rates historically approved for me in the Central District. Over the last decade my requested billing rate, which has varied between $500 and $700 depending on case complexity, has consistently been deemed reasonable in the Central District. *See e.g.* Mendoza et al. v. Neuman Steinhauser Saenza Ardito LLP et al., Case No.: 2:10-cv-03567-GAF-E ($500/hour fee rate found to be reasonable in a 2011 order from District Court Judge Gary Feess in fair housing matter involving discrimination based on race and familial status); Communities Actively Living Independent and Free et al v. City of Los Angeles et al., Case No. 2:09-cv-00287-CBM-RZ ($700/hour fee rate found to be reasonable in a 2013 order from District Court Judge Consuelo Marshall in case involving the failure of the City of Los Angeles' to meet the needs of residents with disabilities in planning for disasters); Johnson v. Los Angeles County Sheriff's Department, Case No. CV 08-03515 DDP (SHx) ($700/hour fee rate found to be reasonable in a 2015 order from District Court Judge Dean D. Pregerson in case involving discrimination against incarcerated persons at the Men's Central Jail); Wagenfeld v. M15 Concert Bar & Grill, LLC, Case No. EDCV16-1012-MWF (SPx) ($500/hour fee rate to be found reasonable in a 2017 order from District Judge Michael W. Fitzgerald in ADA case

involving discriminatory ticketing policies and barriers); and <u>A.S. v. Sunflower Montessori School</u>, Case No. 2:19-cv-00955-DMG-E ($500/hour fee rate found to be reasonable in a 2019 order from District Court Judge Dolly M. Gee in a case brought on behalf of a child denied access to a private preschool program due to his disability). *See also*, <u>Independent Living Center of Southern California et al v. City of Los Angeles California</u> et al., Case No. 2:12-cv-00551-FMO-PJW (fee petition settled with the City of Los Angeles without any challenge to the $750/hour fee rate sought for my work, pursuant to the Disability Rights Legal Center's 2016 billing rates for an attorney of my reputation, skill and experience).

18. My billing rate of $600/hour is also a fair and reasonable rate, well within, if not below, the range of reasonable market rates used and routinely approved in the Central District for attorneys with similar skill, experience and reputation litigating disability / civil rights cases. My requested rate is supported by the 2020 declarations of Aaron J. Fisher and Richard Rothschild, filed herewith as Exhibits D and E, as well as the declarations of noted fee experts Barrett S. Litt, Carol A. Sobel and Richard Pearl, filed herewith as Exhibits F, G and H (opining in 2013 and 2016 that my reputation skill and experience supported a $700/hour fee rate and providing the factual basis for such opinions). These declarations are summarized in Plaintiff's Motion at pages 13-16 for the Court's convenience.

19. Finally, my requested rate is warranted given the complexity and risks the instant litigation presented, and the meaningful results achieved. This matter was an uncertain undertaking, and vigorously contested by the City for over three years. It required special research, work-up and expert consultation, as well as patience and perseverance. The case involved issues of first or limited impression related to the applicability of ADA standards and proposed standards to altered on-street facilities, and was complicated by the City's

insistence that an unrelated sidewalk class settlement precluded Plaintiff's claims. There were significant risks in proceeding, as evidenced by the multiple dispositive motions Plaintiff navigated, as well as an early appeal.

**Billing Practices and Judgment**

20. It is my practice to maintain contemporaneous time records providing detailed descriptions of the work provided.

21. I exercised discretion in carefully reviewing my bills in this matter. I wrote off all paralegal time, time spent on clerical tasks, and my attorney time where it may have been excessive, inefficient, redundant or for any other reason unnecessary.

22. The time I expended to prepare and effectively litigate Plaintiff's case was reasonable and necessary. I put in only the time and resources needed to fully protect Plaintiff's interests and achieve success on Plaintiff's claims.

23. The time in the billing records solely reflects time spent by Plaintiff's counsel on matters on which Plaintiff ultimately prevailed: liability and injunctive relief. Because Plaintiff did not prevail at trial on his damages claim, I have eliminated any time expended on that issue from the billing records submitted with this Motion.

24. Finally, I have eliminated any time solely related to the pursuit of the claims of former co-plaintiff Gary Scherer, who was forced to drop out of the litigation due to medical reasons. Mr. Scherer's claims were dismissed by stipulation of the parties on December 20, 2019. Dkt No. 45.

25. A true and correct copy of my billing in this matter is filed herewith as pages 1-36 of Exhibit A.

26. On September 25, 2020, I submitted an Application to the Clerk to Tax Costs in the amount of $2,818.61, reflecting filing and appeal fees,

service fees and deposition related expenses. A copy of that Application is filed herewith as Exhibit C.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 25, 2020, in the City of Monrovia, California.

/s/ Michelle Uzeta
Michelle Uzeta, Esq.